IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

MICHAEL SHAUN JACKSON, Plaintiff,

v.

JOSEPH ARPAIO, Defendant.

**No. CV 05-0731 PHX JWS (DKD)**

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Arpaio's Motion to Dismiss (Doc. #8).

**BACKGROUND**

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on March 7, 2005. On June 14, 2005, the Court ordered Defendant to answer Plaintiff's allegation that Defendant violated Plaintiff's Eighth Amendment rights while Plaintiff was detained in the Maricopa County Durango jail, by failing to provide Plaintiff with an adequate diet and by subjecting him to overcrowded and unsanitary living conditions. (Doc. #5).

Defendant was served and, on September 26, 2005, Defendant filed a motion to dismiss the complaint pursuant to 42 U.S.C. § 1997e for Plaintiff's failure to exhaust his administrative remedies regarding the claims stated in the complaint. (Doc. #8).

In an order (Doc. #9) issued October 28, 2005, Plaintiff was warned by the Court that his failure to respond to the motion to dismiss within thirty days could be deemed consent to the entry of judgment against Plaintiff, pursuant to Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure. As of December 21, 2005, Plaintiff has not responded to or filed any pleading otherwise opposing Defendant's motion to dismiss.

**DISCUSSION**

**A. Standard for granting motion to dismiss**

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must take the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002); Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Additionally, *pro se* complaints are held to a less strict standard than those drafted by counsel. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). It is not appropriate to dismiss a *pro se* prisoner's civil rights action unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

**B. Exhaustion**

Exhaustion of administrative remedies under the Prison Litigation Reform Act ("PLRA") is governed by 42 U.S.C. § 1997e(a). This statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003 & Supp. 2005). This language has been interpreted to require "that an inmate must exhaust [available remedies] irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741, n.6 (2001). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes." Porter v. Nussle, 534 U.S. 516, 532 (2002).

A plaintiff must fully exhaust his administrative remedies before filing a section 1983 complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002). Exhaustion is an affirmative defense; establishing exhaustion of administrative remedies under the PLRA is not a pleading requirement or a jurisdictional prerequisite. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 124 S. Ct. 50 (2003); Giano v. Goord, 380 F.3d 670, 675 (2d Cir. 2004). Therefore, Defendant has "the burden of raising and proving the absence of exhaustion." Wyatt, 315 F.3d at 1119. The failure to exhaust administrative remedies under the PLRA

is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. Id. "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. "If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." Id. at 1120.

Detainees complaining about the conditions encountered at a Maricopa County jail facility may pursue an administrative grievance in accordance with the three-step process outlined in the Maricopa County Sheriff's Office Policy and Procedure manual. Doc. #8, Exh. 1. The inmate first files a grievance which is heard by a shift supervisor. The inmate may appeal an adverse decision by the shift supervisor by filing an Institutional Grievance Appeal, which is determined by a jail commander. The third step in the process is to file an External Grievance Appeal regarding any adverse decision by the jail commander. Id., Exh. A.

The evidence presented by Defendant establishes that administrative remedies were available to Plaintiff and that Plaintiff failed to properly pursue his administrative remedies with regard to the claims stated in his complaint, i.e. his claims regarding unsanitary and overcrowded living conditions and jail food, prior to filing his section 1983 complaint.

Additionally, Rule 7.2, United States District Court for the District of Arizona Local Rules of Civil Procedure

provides that a party's failure to respond to a motion may, in the Court's discretion, be deemed a consent to the Court's granting of judgment in favor of the movant. See Brydges v. Lewis, 18 F.3d 651, 652-53 (9th Cir. 1994). When the Court has warned the non-moving part that their failure to respond "'shall constitute a consent'" to the granting of the motion, the Court may properly exercise its discretion to a motion based on the non-moving party's construed consent. Id. See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff had time to respond to the motion but failed to do so).

Defendant has asserted Plaintiff has not exhausted his administrative remedies, a prerequisite to filing his suit. Plaintiff does not contest Defendant's assertion that he has failed to fulfill a prerequisite to filing his section 1983 complaint. Therefore, Plaintiff has failed to plead facts which establish that he has stated a claim for relief.

**Conclusion**

Plaintiff has failed to allege or to show that he has exhausted his administrative remedies with regard to his claim regarding jail overcrowding and unsanitary living conditions. Furthermore, Plaintiff has failed to object to Defendant's motion to dismiss although Plaintiff was warned that his failure to do so would result in dismissal of his claims.

**THEREFORE, IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. #8) is **GRANTED.** Plaintiff's complaint is hereby **dismissed without prejudice** for Plaintiff's failure to exhaust his administrative remedies with regard to the claim for relief stated in his complaint.

DATED at Anchorage, Alaska, this 27th day of December 2005.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE